1  ALLAN B. GELBARD, ESQ.
   THE LAW OFFICES OF ALLAN B. GELBARD
2  15760 Ventura Boulevard, Suite 801
   Encino, CA 91436
3  Tel:(818)386-9200 - Fax:(818)386-9289
   E-Mail: XXXEsq@aol.com
4  CA Bar # 184971

5  Attorney for Plaintiff
   The Stockroom, Inc.

6

7

FILED

2013 FEB 19  PM 3: 36

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY_____

8           **UNITED STATES DISTRICT COURT FOR THE**

9           **CENTRAL DISTRICT OF CALIFORNIA**

10

**CV13-01194** CBM
(SP)

11

12  THE STOCKROOM, INC., a California
    corporation,                          **CASE NO:**

13              Plaintiff,                 **COMPLAINT FOR DAMAGES
                                           AND INJUNCTIVE RELIEF:**

14  v.                                     **UNFAIR COMPETITION
                                           (15 U.S.C. §1125)**
15  VIOLETRCOM, a business entity of
    unknown form; THE VIOLET WAND         **TRADEMARK INFRINGEMENT
16  STORE, a business entity of unknown    (15 U.S.C. §1115, 1116, 1117)**
    form; VIOLETWANDS.COM, a
17  business entity of unknown form; and   **TRADEMARK INFRINGEMENT
    DOES 1-10, INCLUSIVE,                  (CA B&P CODE § 14200 *ET SEQ*)**
18
              Defendants                   **TRADEMARK INFRINGEMENT
19                                         (TX B&C CODE § 16.102)**

20                                         **TRADE LIBEL**

21                                         **DEFAMATION**

22                                         **DILUTION**

23                                         **UNFAIR BUSINESS PRACTICES
                                           (CA B&P § 17200)**
24
                                           **ACCOUNTING**
25
                                           **INJUNCTIVE RELIEF**
26
                                           **DEMAND FOR JURY TRIAL**
27

28
                                           Complaint for Damages
                          -1-              and Injunctive Relief

ALLAN B. GELBARD, ESQ.
15760 Ventura Boulevard, Suite 801 Encino, CA 91436
Tel (818)386-9200 - Fax (818)386-9289

1  Plaintiff The Stockroom, Inc., a California corporation, by and through their

2  attorney Allan B. Gelbard, Esq., file their Complaint against defendants Violertcom, a

3  business entity of unknown form; The Violet Wand Store, a business entity of

4  unknown form; Violetwands.com, a business entity of unknown form; and Does 1-10,

5  Inclusive, and allege as follows:

6

7  **JURISDICTION**

8

9  1.   This action arises under 15 U.S.C. § 1051, *et seq* (the Lanham Trademark

10  Act of 1946). Therefore, this Court has original jurisdiction pursuant to 28 U.S.C. §§

11  1331 and 1338  as well as supplemental jurisdiction over the additional state and

12  federal causes of action pursuant to 28 U.S.C. § 1367(a).

13

14  **VENUE**

15

16  2.   Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

17

18  **PARTIES**

19

20  3.   Plaintiff  The Stockroom, Inc.("Stockroom" or "Plaintiff"), is a California

21  corporation having its principal place of business at 2807 W. Sunset Blvd., Los

22  Angeles, California.

23

24  4.   Plaintiff is informed and believes and thereupon alleges that defendant

25  VIOLETRCOM (hereinafter "VRC"), is a business entity of unknown form, with its

26  domicile and principal place of business in Houston, Texas.  VRC does business in

27  California and throughout the United States via one or more active Internet websites

28  including but not limited to www.violetwands.com. Plaintiff presently believes that

**ALLAN B. GELBARD, ESQ.**
15760 Ventura Boulevard, Suite 801 Encino, CA 91436
Tel (818)386-9200 • Fax (818)386-9289

Complaint for Damages
and Injunctive Relief

ALLAN B. GELBARD, ESQ.
15760 Ventura Boulevard, Suite 801 Encino, CA 91436
Tel (818)386-9200 • Fax (818)386-9289

VRC is a sole proprietorship and an alter ego of one or more of the DOE defendants identified herein.

5.    Plaintiff is informed and believes and thereupon alleges that defendant THE VIOLET WAND STORE (hereinafter "TVWS"), is a business entity of unknown form, with its domicile and principal place of business in Houston, Texas. TVWS does business in California and throughout the United States via one or more active Internet websites including but not limited to www.violetwands.com. Plaintiff presently believes that TVWS is a sole proprietorship, and an alter ego of VRC and/or one or more of the DOE defendants identified herein.

6.    Plaintiff is informed and believes and thereupon alleges that defendant VIOLETWANDS.COM (hereinafter "VWC"), is a business entity of unknown form, with its domicile and principal place of business in Houston, Texas.  VWC does business in California and throughout the United States via one or more active Internet websites including but not limited to www.violetwands.com. Plaintiff presently believes that VWC is a sole proprietorship, and an alter ego of VRC, TVWS and/or one or more of the DOE defendants identified herein.

7.    Plaintiff is informed and believes and thereupon alleges that Defendants DOE 1-10, Inclusive are the true legal names of additional individuals and/or entities who's actions are at issue herein.  Plaintiff does not know the true name or capacity of the Defendants sued herein as DOES 1-10 and therefore sues said Defendants by such fictitious names. Plaintiff is informed and believes and thereon alleges, that DOES 1-10 are responsible in some manner for the occurrences herein alleged, and that Plaintiff's damages as hereinafter alleged were proximately caused by the acts of such Defendants, and each of them.

Complaint for Damages
and Injunctive Relief

8.      Plaintiff is informed and believes and thereupon alleges that at all times herein relevant,  Defendants and each of them, were the agents, servants and employees of their Co-Defendants and were acting and conspiring both individually and within the scope of such agency, service and employment while performing the acts complained of herein.

9.      Plaintiff is informed and believes and thereupon alleges that DOES 1-10 personally authorised, controlled and/or assisted defendants VRC, TVWS, and VWC in their unlawful activities alleged herein.

10.      Plaintiff is informed and believes and thereupon alleges that at all times relevant hereto:

     A)      That one or more of the DOE defendants dominated, influenced and controlled VRC, TVWS, and VWC.

     B)      That VRC, TVWS, and VWC are, and at all times relevant hereto were, mere shells and naked frameworks which one or more of the DOE defendants, used as conduits for his/her/their personal business, property and affairs.

     C)      That there is such a unity of interest and ownership between one or more of the DOE defendants (on the one hand) and VRC, TVWS, and/or VWC (on the other hand) that the separateness of VRC, TVWS, and VWC as entities either never existed or has ceased.

     D)      That adherence to the fiction of the separate entity existence of VRC, TVWS, and/or VWC would, under the circumstances, sanction a fraud and promote injustice.

     E)      That VRC, TVWS, and VWC are the alter egos of one or more of the DOE Defendants, and that each is personally liable for the obligations of  as described below.

ALLAN B. GELBARD, ESQ.
15760 Ventura Boulevard, Suite 801 Encino, CA 91436
Tel (818)386-9200 • Fax (818)386-9289

-4-

# **GENERAL ALLEGATIONS**

11.     Plaintiff is in the business of selling adult oriented goods and services via the Internet, mail order, and through various brick-and-mortar storefronts.  Plaintiff's business, including its on-line store "The Stockroom" (and the related URLs and websites, www.thestockroom.com, and www.stockroom.com (the "Stockroom URLs")) is one of the oldest, largest and most respected on-line providers of sex-positive BDSM products, clothing, adult novelties, instructional books and audio/visual productions and is widely known and respected in the trade.

12.     Plaintiff is the holder of exclusive rights under federally registered and incontestable trademarks (the "Stockroom Trademarks") pertaining to its business name including but not limited to: "Stockroom.com®" Reg # 2935888, "Stockroom®" Reg # 2964720, and "The Stockroom®" Reg # 3410814;

13.     Plaintiff is also the holder of exclusive rights under federally registered trademarks (some being incontestable) for more than thirty (30) additional proprietary product lines in a variety of international classes. Two of these proprietary product lines are registered for protection under the "Neon Wand®" and "KinkLab®" federally registered trademarks in International Class 10.

14.     One of Stockroom's best selling proprietary devices (along with it's related accessories) is the Neon Wand®, a hand-held electric discharge device featuring a solid state circuit that allows for varying intensity. Neon Wand® has been federally registered International Class 10 (Reg # 4,192,931) for electric skin and genital stimulators.

ALLAN B. GELBARD, ESQ.
15760 Ventura Boulevard, Suite 801 Encino, CA 91436
Tel (818)386-9200 • Fax (818)386-9289

Complaint for Damages
and Injunctive Relief

15.     The Neon Wand® electrode accessories ("Electrodes") include proprietary sealed glass and metal tubes containing inert gasses (creating a luminous visual effect) which transfer the electrical charge from the device to the body and are designed in numerous shapes which create different sensations.

16.     Additionally, Stockroom holds several federally registered trademarks for KinkLab®.  (See Registrations 3,148,523, 3,295,583, and 3,852,887.)  While the KinkLab® mark was initially constrained to clothing related goods, Plaintiff has expanded the use into various fetish related lines including "instruments used for adult stimulation in sexual fetish practices...."

17.     Plaintiff has made and continues to make substantial investments of time, effort and expense in the production, manufacturing, marketing and branding of its business and products.

18.     Plaintiff is an integral participant in designing, creating and maintaining the look and quality of its goods and services.

19.     Plaintiff has not authorized Defendants to employ its trademarks or deceptively similar marks, nor have Defendants obtained licenses to do so from any legitimate third party.

20.     Defendants operate one or more active Internet websites, including but not limited to The Violet Wand Store located at www.violetwands.com, which employs a shopping cart and credit card processing system which allows for the actual purchase of Defendants' goods and their shipment into the State of California. Plaintiff is informed and believes and thereupon alleges that Defendants have done substantial business with California residents.

ALLAN B. GELBARD, ESQ.
15760 Ventura Boulevard, Suite 801 Encino, CA 91436
Tel (818)386-9200 • Fax (818)386-9289

Complaint for Damages
and Injunctive Relief

21.    Defendants are in the business of, among other things, distributing goods and services that directly compete with Plaintiff's business.  Specifically, Defendants sell numerous electrical skin and genital stimulators and the accessories therefor. Defendants' electro-stimulator devices, generically referred to as Violet Wands, employ non-solid state circuitry, and are more fragile and costly than Plaintiff's competing devices.  Defendants' electrodes are - in large part - functionally interchangeable with Plaintiff's Electrodes, and vice-versa.

22.    In addition to their own lines of electro-stimulators, defendants purport to sell "KinkeLab Neon Wand" stimulators as well as a second electro-stimulator device defendants identify as a "Neon Wand - Kengoh."  Both of these devices are offered for sale into California through Defendants' interactive website for prices significantly less than the wholesale price for Plaintiff's authentic Neon Wand device.

23.    Plaintiff is informed and believes, and thereupon alleges, that Defendants have employed Plaintiff's trademarks in a manner calculated to create initial point confusion as to the availability of Plaintiff's goods at prices below the actual available price in order to damage (and/or cheapen) Plaintiff's brand, to dissuade customers from purchasing Plaintiff's goods, and to thereby attempt to sell their own competing goods.

24.    Defendants have employed Plaintiff's registered trademarks and confusingly similar versions thereof (e.g., "Kinkelab") as metadata in their website(s), and thereafter engaged in search engine optimization ("SEO") in order to generate internet traffic from and/or draw prospective customers for Plaintiff's goods to Defendants' website(s). Defendants then list both what they claim to be Plaintiff's goods, and/or third party goods under Plaintiff's trademarks, at prices below that at which they are actually able to and/or intend to honor, in an effort to sell alternative

ALLAN B. GELBARD, ESQ.
15760 Ventura Boulevard, Suite 801 Encino, CA 91436
Tel (818)386-9200 • Fax (818)386-9289

Complaint for Damages
and Injunctive Relief

1   goods (commonly referred to as "bait and switch").

2

3       25.     Additionally, Defendants have published, and continue to publish,

4   untruthful and disparaging statements pertaining to Plaintiff's goods.

5

6                    **FIRST CAUSE OF ACTION**

7               **UNFAIR COMPETITION  - 15 U.S.C. §1125**

8

9       26.     Plaintiff  re-alleges all facts included or inferred in Paragraphs 1-25

10  inclusive, above.

11

12      27.     Plaintiff's "Neon Wand®" and "Kinklab®" marks are inherently

13  distinctive.

14

15      28.     Plaintiff's "Neon Wand®" and "Kinklab®" marks have acquired

16  secondary meanings through Plaintiff's long term use of the marks, their efforts to

17  promote the sales of their branded products and their efforts to generate and protect

18  the goodwill of their brands.  As a result of Plaintiff's efforts, a significant portion of

19  the market has come to exclusively associate the "Neon Wand®" and "Kinklab®"

20  marks with Plaintiff and their goods and services.

21

22      29.     Plaintiff is informed and believes, and thereupon alleges, that at all times

23  relevant hereto, Defendants were actually aware of the famous nature of Plaintiff's

24  marks, and that Defendants, themselves, associated the "Neon Wand®" and

25  "Kinklab®" marks with Plaintiff's goods.

26

27      30.     Plaintiff is the holder of a federally registered trademarks for "Neon

28  Wand®" and "Kinklab®" in International Class 10.

ALLAN B. GELBARD, ESQ.
15760 Ventura Boulevard, Suite 801 Encino, CA 91436
Tel (818)386-9200 • Fax (818)386-9289

-8-

31.     Plaintiff includes the "Neon Wand®" and "Kinklab®" marks on its goods, websites, promotional products, and product packaging in order to identify its goods and services and distinguish same from the goods and services of others.

32.     Defendants' use of the Neon Wand, Kinklab and deceptively similar "Kinkelab" marks is employed in the sale of goods and services for which Plaintiff has exclusive Trademark rights.

33.     Plaintiff has, at all times relevant hereto, taken care to enforce its marks and to prevent third parties from infringing thereon.

34.     Plaintiff has, at all times relevant hereto, exercised significant control over the quality of its goods and services in order to maintain the value, brand loyalty, and good will related to Plaintiff's "Neon Wand®" and "Kinklab®" branded goods.

35.     Defendants' unlawful sale of competitive but inferior goods through use of the deceptively similar "Kinkelab" (sic) and "Neon Wand" marks constitutes an intentional and unlawful use of  Plaintiff's names, marks and trademark.  Said misuse constitutes a false designation of origin, and is likely to cause confusion, to cause mistake, and to deceive the public as to the origin of these goods.

36.     Defendants unlawfully employed Plaintiff's Kinklab® and Neon Wand® marks as metadata in its website(s), which it thereafter exploited through various methods (including but not limited to SEO) in order to damage Plaintiff's brands and goodwill, and to unfairly compete with Plaintiff.

37.     Defendants' unlawful infringement of Plaintiff's trademark was made in connection with Defendants' sale of goods in direct competition with Plaintiff.

Complaint for Damages
and Injunctive Relief

38.     Plaintiff is informed and believes, and thereupon alleges that said misuse has actually caused numerous customers of Plaintiff, members of the trade, and end users, to suffer confusion, mistake, and/or to be deceived as to the origin and authenticity of these goods and/or services.

39.     As a result of Defendants' wrongful conduct, Plaintiff has suffered damages including but not limited to loss of earnings and goodwill, in an amount to be proven at trial, but in no case less than one million dollars ($1,000,000.00).

40.     As Defendants' conduct was an intentional infringement of Plaintiff's federally registered trademark, undertaken to unfairly compete with Plaintiff's business,  Plaintiff is entitled to an award of statutory penalties including treble damages, attorney's fees and costs of suit.

## SECOND CAUSE OF ACTION
## TRADEMARK INFRINGEMENT - 15 U.S.C. §§ 1115, 1116, 1117

41.     Plaintiff  re-alleges all facts included or inferred in Paragraphs 1-40 inclusive, above.

42.     Defendants' misuse of Plaintiff's "Neon Wand®" and "Kinklab®" marks, as asserted above, constitutes willful trademark infringement.

43.     As a result of Defendants' wrongful conduct, Plaintiff has suffered damages including but not limited to loss of earnings and goodwill, in an amount to be proven at trial, but in no case less than one million dollars ($1,000,000.00).

ALLAN B. GELBARD, ESQ.
15760 Ventura Boulevard, Suite 801 Encino, CA 91436
Tel (818)386-9200 • Fax (818)386-9289

Complaint for Damages
and Injunctive Relief

44.     As Defendants' conduct was an intentional infringement of Plaintiff's federally registered trademark, undertaken to unfairly compete with Plaintiff's business,  Plaintiff is entitled to an award of statutory penalties including treble damages, attorney's fees and costs of suit.

## THIRD CAUSE OF ACTION
## TRADEMARK INFRINGEMENT - CA B&P CODE § 14200 ET SEQ

45.     Plaintiff  re-alleges all facts included or inferred in Paragraphs 1-44, inclusive, above.

46.     Plaintiff's "Neon Wand®" and "Kinklab®" marks are famous and/or distinctive marks.

47.     Defendants' misuse of Plaintiff's marks began after the marks had become famous and is likely to cause dilution of Plaintiff's marks.

48.     Defendants sell their goods into California through an interactive website and through telephone orders.

49.     As a result of Defendants' wrongful conduct, Plaintiff has suffered damages including but not limited to loss of earnings and goodwill, in an amount to be proven at trial, but in no case less than one million dollars ($1,000,000.00).

50.     As Defendants' conduct was an intentional infringement of Plaintiff's federally registered trademark, undertaken to unfairly compete with Plaintiff's business,  Plaintiff is entitled to treble actual damages, injunctive relief, and the seizure of all infringing goods sent into California.

ALLAN B. GELBARD, ESQ.
15760 Ventura Boulevard, Suite 801 Encino, CA 91436
Tel (818)386-9200 • Fax (818)386-9289

Complaint for Damages
and Injunctive Relief

**FORTH CAUSE OF ACTION**

**TRADEMARK INFRINGEMENT - TX B&C CODE § 16.102**

51.     Plaintiff  re-alleges all facts included or inferred in Paragraphs 1-50, inclusive, above.

52.     Plaintiff is informed and believes, and thereupon alleges that Defendants have their principal place of business in Houston, Texas.

53.     While Defendants operate a interactive website and sell goods and services into the State of California, they are also subject to Texas state Business and Commerce Code § 16.102 which Defendants have violated based on their activities as alleged above.

54.      Plaintiff is entitled to treble actual damages, injunctive relief, and the seizure and subsequent destruction of all infringing goods located in Texas.

**FIFTH CAUSE OF ACTION**

**TRADE LIBEL**

55.     Plaintiff  re-alleges all facts included or inferred in Paragraphs 1-54 inclusive, above.

56.     Defendants have knowingly published to third parties, without justification or privilege, the following statements pertaining to Plaintiff's business and its Neon Wand® product line:

A)     "[P]roduct support is very minimal..."

ALLAN B. GELBARD, ESQ.
15760 Ventura Boulevard, Suite 801 Encino, CA 91436
Tel (818)386-9200 • Fax (818)386-9289

-12-

Complaint for Damages
and Injunctive Relief

B)   "Avoid the Neon Wand chinese (sic) devices at Kinklab.com as it has very weak output and does not work with any violet wand accessories."

C)   "Neon Wand ... will not work with violet wand accessories and will not do violet want techniques."

D)   "Neon Wand ... can not accept violet wand accessories such as body contact cables, lightbulb adaptors or other electrodes, and it can't do all violet wand bdsm techniques."

E)   Neon Wand "[e]lectrodes are more fragile than violet wand electrodes..."

57.   The above statements are false and Defendants knew they were false when they were published.

58.   Defendants' statements disparaged Plaintiff's goods in that the public and persons and entities which did business with Plaintiffs were led to believe that their customer service and the quality of their goods were inferior.

59.   As a proximate result of Defendants' publication of the false statements, prospective customers have been deterred from buying Plaintiff's goods and from otherwise dealing with Plaintiff. Further, the actual pecuniary value of Plaintiff's stock, trademarks and goodwill have been damaged in an amount not presently ascertained, but which will be proven at trial.

Complaint for Damages
and Injunctive Relief

ALLAN B. GELBARD, ESQ.
15760 Ventura Boulevard, Suite 801 Encino, CA 91436
Tel (818)386-9200 • Fax (818)386-9289

ALLAN B. GELBARD, ESQ.
15760 Ventura Boulevard, Suite 801 Encino, CA 91436
Tel (818)386-9200 • Fax (818)386-9289

## SIXTH CAUSE OF ACTION
## DEFAMATION

60.     Plaintiff  re-alleges all facts included or inferred in Paragraphs 1-59, inclusive, above.

61.     Defendants' statements are of and concerning Plaintiff's business practices and are defamatory per se.

62.     As a proximate result of Defendants' publication of the false statements, prospective customers have been deterred from buying Plaintiff's goods and from otherwise dealing with Plaintiff. Further, the actual pecuniary value of Plaintiff's stock, trademarks and goodwill have been damaged in an amount not presently ascertained, but which will be proven at trial.

## SEVENTH CAUSE OF ACTION
## DILUTION

63.     Plaintiff  re-alleges all facts included or inferred in Paragraphs 1-62 inclusive, above.

64.     As a result of Defendants' actions, as alleged above, Plaintiff's Neon Wand® and KinkLab® trademarks and Plaintiff's goodwill and the value of Plaintiff's business have suffered dilution in value in an amount not presently ascertained, but which shall be proven at trial.

Complaint for Damages
and Injunctive Relief

ALLAN B. GELBARD, ESQ.
15760 Ventura Boulevard, Suite 801 Encino, CA 91436
Tel (818)386-9200 • Fax (818)386-9289

## EIGHTH CAUSE OF ACTION

## UNFAIR COMPETITION - CALIFORNIA B&P CODE § 17200 *ET SEQ*.

65.    Plaintiff  re-alleges all facts included or inferred in Paragraphs 1-64, inclusive, above.

66.    Defendants actions, as alleged above, constitute unlawful, unfair and fraudulent business practices and unfair, deceptive, untrue and misleading advertising.

67.    Defendants' actions are likely to cause confusion, mistake and deception in the minds of Plaintiff's customers, members of the trade, and the general public as to the origin and/or sponsorship of Defendants' good and/or services.

68.    As a result of Defendants' wrongful conduct, Plaintiffs have suffered damages, including but not limited to loss of earnings and goodwill, in an amount to be proven at trial, but in no case less than one million dollars ($1,000,000.00).

69.    As Defendants' unlawful business practices included an intentional infringement of Plaintiff's federally registered trademarks, bait-and-switch sales scheme, and ongoing product disparagement, Plaintiff is entitled to an award of statutory penalties including treble damages,  attorneys' fees and costs of suit.

## NINTH CAUSE OF ACTION

## ACCOUNTING

70.    Plaintiff  re-alleges all facts included or inferred in Paragraphs 1-69 inclusive, above.

Complaint for Damages
and Injunctive Relief

71.     Plaintiff is entitled to a complete disgorgement of all revenues earned by Defendants as a result of their intentional and unlawful infringement of Plaintiff's unlawful activities as alleged herein.

## TENTH CAUSE OF ACTION
## INJUNCTIVE RELIEF

72.     Plaintiff  re-alleges all facts included or inferred in Paragraphs 1-71 inclusive, above.

73.     Defendants' acts of unfair competition, trademark infringement, unfair business practices have caused Plaintiff to suffer severe and irreparable harm for which there is no adequate remedy at law.

74.     Plaintiff is informed and believes and thereupon alleges that absent an order from this Court, Defendants will continue their unlawful acts.  Said acts will cause Plaintiff to suffer continuing damages for which there are no adequate remedies at law.

75.     Plaintiff is entitled to temporary, preliminary and permanent injunctive relief to enjoin any further such acts on behalf of Defendants, or any party or entity acting in consort with them.

**WHEREFORE; PLAINTIFF PRAYS**:

76.     That the Court issue a Temporary Restraining Order enjoining Defendants and their respective agents, employees, successors and assigns, and all other persons acting in concert with them, from:

ALLAN B. GELBARD, ESQ.
15760 Ventura Boulevard, Suite 801 Encino, CA 91436
Tel (818)386-9200 • Fax (818)386-9289

Complaint for Damages
and Injunctive Relief

A) Employing the Neon Wand® and KinkLab® marks, (including but not limited to "Kinkelab Neon Wand" and "Neon Wand - Kengoe") and any other deceptively similar mark(s) to sell good in International Class 10; and,

B) Erasing, deleting, altering or destroying any documents, electronic files or business records that pertain to the purchase, sale, and/or distribution of any goods in International Class 10 through use of the Neon Wand® and/or KinkLab® trademarks or deceptively similar marks.

77. That the issue Preliminary and Permanent injunctive relief in accordance with the Order requested in Paragraph 76 above.

78. That Defendants be required to pay to Plaintiff's actual damages proximately resulting from Defendants' unfair competition, trademark infringement, unfair business practices, trade libel and defamation; and,

79. That Defendants account for all gains, profits and advantages derived by Defendants by said unfair competition, trademark infringement, unfair business practices, trade libel and defamation; and,

80. That Defendants be required to deliver up to be impounded during the pendency of this action all goods bearing Plaintiff's marks to deliver up for destruction all infringing copies, equipment and other matter for making such infringing copies and/or the advertisement of same.

ALLAN B. GELBARD, ESQ.
15760 Ventura Boulevard, Suite 801 Encino, CA 91436
Tel (818)386-9200 • Fax (818)386-9289

Complaint for Damages
and Injunctive Relief

81. For actual, general, special, statutory and/or exemplary damages, as may be awarded by this Court; and,

82. That Defendants pay to Plaintiff reasonable attorney's fees pursuant to 15 U.S.C. § 1117(a), CA B&P §§ 14200 *et seq*, 17200 *et seq*, and TX B&C § 16.102.

83. That Defendants pay to Plaintiff the costs of this action; and,

84. For such additional and further relief which this Court deems just and proper.

## DEMAND FOR JURY TRIAL

PLAINTIFF hereby respectfully demands a jury trial as provided by Rule 38(a) of the Federal Rules of Civil Procedure.

Dated: this 18th day of February, 2013.

THE LAW OFFICES OF ALLAN B. GELBARD

Allan B. Gelbard, Esq.
Attorney for Plaintiff
The Stockroom, Inc.

ALLAN B. GELBARD, ESQ.
15760 Ventura Boulevard, Suite 801 Encino, CA 91436
Tel (818)386-9200 - Fax (818)386-9289

Complaint for Damages
and Injunctive Relief

-18-

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Consuelo B. Marshall and the assigned discovery Magistrate Judge is Sheri Pym.

The case number on all documents filed with the Court should read as follows:

## CV13- 1194 CBM (SPx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

| [ ] **Western Division**<br>312 N. Spring St., Rm. G-8<br>Los Angeles, CA 90012 | [ ] **Southern Division**<br>411 West Fourth St., Rm. 1-053<br>Santa Ana, CA 92701-4516 | [ ] **Eastern Division**<br>3470 Twelfth St., Rm. 134<br>Riverside, CA 92501 |
|---|---|---|

Failure to file at the proper location will result in your documents being returned to you.

---

1
2

# UNITED STATES DISTRICT COURT FOR THE
# CENTRAL DISTRICT OF CALIFORNIA

3

4   THE STOCKROOM, INC., a California            **CASE NUMBER**
    corporation,
5              Plaintiff,                         CV13-01194-CBM
                                                          (SP)
       vs.

6

7   VIOLETRCOM, a business entity of
    unknown form; THE VIOLET WAND                **SUMMONS**
8   STORE, a business entity of unknown form;
    VIOLETWANDS.COM, a business entity of
9   unknown form; and DOES 1-10,
    INCLUSIVE,

10

11             Defendants.

12   TO THE ABOVE NAMED DEFENDANT(S),  You are hereby summoned and required to file with
     this court and serve upon
13
                          Allan B. Gelbard, Esq.
14
                     Plaintiff's attorney, whose address is:
15
                        15760 Ventura Blvd., Suite 801
16                         Encino, California 91436
17         Tel: (818)386-9200 - Fax:(818)386-9289 - E-Mail: XXXEsq@aol.com

18         an answer to the Complaint which is herewith served upon you within 21 days after service
19   of this summons upon you, exclusive of the day of service. If you fail to do so, judgment by default
     will be taken against you for the relief demanded in the complaint.
20

21   DATE:   FEB 19 2013

22
                                      CLERK, U.S. DISTRICT COURT
23
                                      By _____ MARILYN DAVIS _____
24                                              Deputy Clerk

25                                            (Seal of the Court)

26

27                          **SUMMONS**

28

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**FILE COPY**

I (a) PLAINTIFFS (Check box if you are representing yourself ☐)
THE STOCKROOM, INC., a California corporation

DEFENDANTS
VIOLETRCOM, a business entity of unknown form; THE VIOLET WAND STORE, a business entity of unknown form; VIOLETWANDS.COM, a business entity of unknown form; and DOES 1-10, INCLUSIVE

(b) Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)

Allan B. Gelbard, Esq.
15760 Ventura Blvd., Suite 801, Encino, CA 91436
(818)386-9200

Attorneys (If Known)

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff   ☒ 3 Federal Question (U.S. Government Not a Party)

☐ 2 U.S. Government Defendant   ☐ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only
(Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☒ 1 Original Proceeding   ☐ 2 Removed from State Court   ☐ 3 Remanded from Appellate Court   ☐ 4 Reinstated or Reopened   ☐ 5 Transferred from another district (specify):   ☐ 6 Multi-District Litigation   ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☐ Yes ☒ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** 1,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
Trademark, Unfair Competition (15 USC 1115, 1116, 1117, 1125)

**VII. NATURE OF SUIT** (Place an X in one box only.)

| OTHER STATUTES | CONTRACT | TORTS PERSONAL INJURY | TORTS PERSONAL PROPERTY | PRISONER PETITIONS | LABOR |
|---|---|---|---|---|---|
| ☐ 400 State Reapportionment | ☐ 110 Insurance | ☐ 310 Airplane | ☐ 370 Other Fraud | ☐ 510 Motions to Vacate Sentence Habeas Corpus | ☐ 710 Fair Labor Standards Act |
| ☐ 410 Antitrust | ☐ 120 Marine | ☐ 315 Airplane Product Liability | ☐ 371 Truth in Lending | | ☐ 720 Labor/Mgmt. Relations |
| ☐ 430 Banks and Banking | ☐ 130 Miller Act | ☐ 320 Assault, Libel & Slander | ☐ 380 Other Personal Property Damage | ☐ 530 General | ☐ 730 Labor/Mgmt. Reporting & Disclosure Act |
| ☐ 450 Commerce/ICC Rates/etc. | ☐ 140 Negotiable Instrument | ☐ 330 Fed. Employers' Liability | ☐ 385 Property Damage Product Liability | ☐ 535 Death Penalty | |
| ☐ 460 Deportation | ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 340 Marine | BANKRUPTCY | ☐ 540 Mandamus/ Other | ☐ 740 Railway Labor Act |
| ☐ 470 Racketeer Influenced and Corrupt Organizations | | ☐ 345 Marine Product Liability | ☐ 422 Appeal 28 USC 158 | ☐ 550 Civil Rights | ☐ 790 Other Labor Litigation |
| ☐ 480 Consumer Credit | ☐ 151 Medicare Act | ☐ 350 Motor Vehicle | ☐ 423 Withdrawal 28 USC 157 | ☐ 555 Prison Condition | ☐ 791 Empl. Ret. Inc. Security Act |
| ☐ 490 Cable/Sat TV | ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans) | ☐ 355 Motor Vehicle Product Liability | CIVIL RIGHTS | FORFEITURE / PENALTY | PROPERTY RIGHTS |
| ☐ 810 Selective Service | | ☐ 360 Other Personal Injury | ☐ 441 Voting | ☐ 610 Agriculture | ☐ 820 Copyrights |
| ☐ 850 Securities/Commodities/ Exchange | ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 362 Personal Injury-Med Malpractice | ☐ 442 Employment | ☐ 620 Other Food & Drug | ☐ 830 Patent |
| ☐ 875 Customer Challenge 12 USC 3410 | ☐ 160 Stockholders' Suits | ☐ 365 Personal Injury-Product Liability | ☐ 443 Housing/Acco-mmodations | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☒ 840 Trademark |
| ☐ 890 Other Statutory Actions | ☐ 190 Other Contract | ☐ 368 Asbestos Personal Injury Product Liability | ☐ 444 Welfare | | SOCIAL SECURITY |
| ☐ 891 Agricultural Act | ☐ 195 Contract Product Liability | | ☐ 445 American with Disabilities - Employment | ☐ 630 Liquor Laws | ☐ 861 HIA (1395ff) |
| ☐ 892 Economic Stabilization Act | ☐ 196 Franchise | REAL PROPERTY | | ☐ 640 R.R. & Truck | ☐ 862 Black Lung (923) |
| ☐ 893 Environmental Matters | REAL PROPERTY | ☐ 210 Land Condemnation | ☐ 446 American with Disabilities - Other | ☐ 650 Airline Regs | ☐ 863 DIWC/DIWW (405(g)) |
| ☐ 894 Energy Allocation Act | ☐ 210 Land Condemnation | ☐ 220 Foreclosure | ☐ 440 Other Civil Rights | ☐ 660 Occupational Safety /Health | ☐ 864 SSID Title XVI |
| ☐ 895 Freedom of Info. Act | ☐ 220 Foreclosure | ☐ 230 Rent Lease & Ejectment | IMMIGRATION | ☐ 690 Other | ☐ 865 RSI (405(g)) |
| ☐ 900 Appeal of Fee Determi-nation Under Equal Access to Justice | ☐ 240 Torts to Land | ☐ 462 Naturalization Application | | | FEDERAL TAX SUITS |
| ☐ 950 Constitutionality of State Statutes | ☐ 245 Tort Product Liability | ☐ 463 Habeas Corpus-Alien Detainee | | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) |
| | ☐ 290 All Other Real Property | ☐ 465 Other Immigration Actions | | | ☐ 871 IRS-Third Party 26 USC 7609 |

**FOR OFFICE USE ONLY:** Case Number: **CV13-01194**

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case?  ☑ No  ☐ Yes
If yes, list case number(s): _____

**Civil cases are deemed related if a previously filed case and the present case:**

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or

☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or

☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or

☐ D. Involve the same patent, trademark or copyright, _and_ one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, CA | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Houston, TX | |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which EACH claim arose.
    **Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles, CA | |

**\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved.

X. SIGNATURE OF ATTORNEY (OR PRO PER): _____   Date 02/18/2012

Notice to Counsel/Parties:  The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |